■ In the Matter of JUDITH CODY, Appellant, v VILLAGE OF LAKE GEORGE, Respondent.—Levine, J.

On September 25, 1988, petitioner was injured while walking on a sidewalk located in the Village of Lake George, Warren County. Petitioner, a resident of Los Altos, California,

served a notice of claim on respondent on December 21, 1988. Sometime after petitioner's notice of claim was served, petitioner's attorney apparently discovered that petitioner was married to David Peterson. Petitioner thereafter applied for leave to serve a late notice of claim containing a derivative cause of action on behalf of her husband. In support of the motion, petitioner's attorney averred that, due to the differing surnames, he was unaware of the marital relationship and believed that Peterson was merely a witness to the incident. Respondent opposed the motion, contending that petitioner did not present an adequate excuse for failing to file a timely notice of claim on behalf of Peterson and that if the motion were granted it would "severely prejudice" respondent. Supreme Court denied petitioner's application and this appeal by petitioner ensued.

On appeal petitioner contends that Supreme Court erred in denying her application for leave to serve a late notice of claim containing a derivative cause of action on behalf of her husband. Petitioner also argues that her application should be read as seeking to amend her notice of claim pursuant to General Municipal Law § 50-e (6) and not as a motion for leave to serve a late notice of claim under General Municipal Law § 50-e (5). Respondent, however, contends that petitioner's application did not specifically seek permission to amend her notice of claim and petitioner should now be foreclosed from requesting such relief.

We agree with respondent that the parties and the court apparently treated petitioner's application as one seeking leave to serve a late notice of claim and we see no reason to depart from that characterization on appeal. Although petitioner's excuse for not filing a timely notice of claim on behalf of Peterson is essentially one of "law office failure", we are nonetheless persuaded that the application should have been granted. This is because the supplementary notice of claim interposing the derivative cause of action is predicated upon exactly the same facts of which respondent had received timely notice by petitioner's original notice of claim. Under such circumstances, there can be no claim of prejudice to respondent (see, Slocum v County of Madison, 6 AD2d 347, 349-350; Matter of Charlemagne v City of New York, 277 App Div 689, 692, affd 302 NY 871; see also, Dodd v Warren, 110 AD2d 807, 808; Matter of Annis v New York City Tr. Auth., 108 AD2d 643, 644-645). In light of our determination and the fact that petitioner sought leave to serve a late notice of claim within the limitations period, we need not address whether

petitioner's application might also have been properly made under General Municipal Law § 50-e (6).

Order reversed, on the facts, with costs, and leave granted to petitioner to serve a notice of claim on behalf of David Peterson. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.