■ JUDITH CODY et al., Appellants, v VILLAGE OF LAKE GEORGE, Respondent, et al., Defendants.—Casey, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered September 18, 1990 in Warren County, which, *inter alia,* granted

a cross motion by defendant Village of Lake George to dismiss the complaint and all cross claims against it as time barred.

Plaintiff Judith Cody (hereinafter plaintiff) caused a notice of claim to be served on defendant Village of Lake George (hereinafter defendant) on December 21, 1988 as the result of injuries she received on a Village sidewalk in Warren County on September 25, 1988. This service of claim must be considered timely since it was effected within the 90-day period prescribed by General Municipal Law § 50-e (1) (a). Subsequently, on March 28, 1989 plaintiff moved for leave to serve a late notice of claim on behalf of her husband to assert a derivative cause of action. The motion was denied by Supreme Court, but Supreme Court's order was reversed by this court on appeal (158 AD2d 888). This court's order, which granted leave to serve a notice of claim on behalf of the husband, was entered on March 21, 1990.

On May 3, 1990 plaintiffs served defendants with the notice of claim and the summons and complaint. Defendant interposed the Statute of Limitations in its answer. Plaintiffs moved to strike this defense as legally insufficient. Defendant cross-moved for summary judgment dismissing the action and any cross claims as untimely. Supreme Court denied plaintiffs' motion to strike the defense and granted the cross motion for dismissal. Plaintiffs have appealed.

It has now been established that CPLR 204 (a) serves "to toll the running of the Statute of Limitations while a motion to file a late notice of claim is pending" (Giblin v Nassau County Med. Center, 61 NY2d 67, 74). The tolling period here extends from March 28, 1989 to March 21, 1990. The critical issue is whether plaintiff's action, which was not commenced within one year and 90 days after the happening of the event upon which the claim is based as required by General Municipal Law § 50-i (1), can be saved by the tolling period that attends the application for filing a late notice of claim for her husband's derivative action. A second issue is whether the husband's derivative action can be prosecuted independently of plaintiff's action if the latter action is barred.

Although plaintiff made the application for leave to file a late notice of claim on her husband's behalf, we do not believe that her claim can be affected by the motion. Our court refused to consider plaintiff's prior motion as one to amend her notice of claim and considered the motion as one for leave to file a late notice of claim in the husband's derivative cause of action (158 AD2d 888, 889, supra). Furthermore, the motion

for leave to file a late notice of claim could not be considered applicable to plaintiff's claim inasmuch as plaintiff's notice of claim had already been filed in a timely fashion and, therefore, she could have commenced her action. This conclusion requires dismissal of plaintiff's claim for untimeliness.

Although the tolling period preserved the derivative action from dismissal for untimeliness, the derivative action has no existence separate and distinct from plaintiff's claim (see, Hughson v St. Francis Hosp., 92 AD2d 131, 134). Both in a literal and legal sense the husband's claim is derived from the injuries sustained by plaintiff (see, Maidman v Stagg, 82 AD2d 299, 305). Termination of plaintiff's action bars the husband's derivative action (see, Millington v Southeastern Elevator Co., 22 NY2d 498, 508). The required dismissal of plaintiff's action for untimeliness also requires dismissal of the husband's derivative action, which depends on the same claim of negligence (cf., Rauch v Jones, 4 NY2d 592, 596), because in these circumstances the husband is denied a remedy (see, Heritage v Van Patten, 59 NY2d 1017, 1019). The order appealed from should in all respects be affirmed.

Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.