Kathleen **PARAJECKI**, and Allen Parajecki, and Elizabeth L. Johnson, and William E. Johnson, Plaintiffs,

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION**, and Compaq Computer Corporation, and Xerox Corporation, and Canon U.S.A., Incorporated, and Smith Corona Corporation, Defendants.

No. 93–CV–3532 (DRH).

United States District Court,
E.D. New York,
Hauppauge Division.

Sept. 22, 1995.

Cerussi & Spring by Joseph A. D'Avanzo, White Plains, New York, for Defendant International Business Machines Corporation.

Barry, McTiernan & Moore by Suzanne Halbardier, New York City, for Defendant Smith Corona Corporation.

Schoeman, Marsh & Updike by Mark D. Miller, New York City, for Defendant Xerox Corporation.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

Presently pending before the Court, in the above-captioned so-called repetitive stress injury ("RSI") case, is a Motion for Summary Judgment by Canon U.S.A., Incorporated ("Canon")[1], a Motion for Summary Judgment by Compaq Computer Corporation ("Compaq"), and a Motion to Dismiss by Xerox Corporation ("Xerox").[2] The ground for each of these three motions is that the claims of Plaintiff Kathleen Parajecki and her spouse, Plaintiff Allen Parajecki, (collectively, "the Parajecki Plaintiffs") are barred by the applicable statute of limitations.

For the reasons set forth below, Canon's Motion for Summary Judgment and Compaq's Motion for Summary Judgment are granted. Finally, Xerox's Motion to Dismiss is granted in part.

## DISCUSSION

### I. Motion for Summary Judgment

A motion for summary judgment may be granted only when it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987); *Winant v. Carefree Pools,* 709 F.Supp. 57, 59 (E.D.N.Y.), *aff'd* 891 F.2d 278 (2d Cir.1989). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and

Levy Phillips & Konigsberg, R.L.L.P. by Steven J. Phillips, New York City, for Plaintiffs.

Stroock & Stroock & Lavan, Seven Hanover Square by Jay P. Mayesh, New York City, for Defendant Canon U.S.A., Incorporated.

Debevoise & Plimpton by John S. Kiernan, New York City, for Defendant Compaq Computer Corporation.

---

1. Alternatively, Canon moves, *inter alia,* "to sever this action pursuant to Federal Rules of Civil Procedure 18 and 20(a)...." (Canon Aug. 11, 1994 Not. Mot. at 1–2.)

2. Alternatively, Xerox moves pursuant "to Federal Rule of Civil Procedure 56...." (Xerox Oct. 18, 1994 Not. Mot.)

identifying which materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552; *see also Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989); *Pariente v. Scott Meredith Literary Agency, Inc.,* 771 F.Supp. 609, 612 (S.D.N.Y.1991). The substantive law governing the case will identify those facts which are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Once the moving party has come forward with support demonstrating that no genuine issue of material fact remains to be tried, including pleadings, depositions, interrogatory answers, and affidavits, the burden shifts to the non-moving party to provide similar support setting forth specific facts about which a genuine triable issue remains. Fed. R.Civ.P. 56(e); *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; *Borthwick v. First Georgetown Sec., Inc.,* 892 F.2d 178, 181 (2d Cir. 1989); *Donahue,* 834 F.2d at 57. The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue,* 834 F.2d at 57.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10 (emphases omitted). Moreover, "[c]onclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.'" *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)); *see also Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed materials facts, ... or defeat the motion through mere speculation or conjecture." *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (citations and internal quotations omitted). With the above principles in mind, the Court turns to a discussion of the case at bar.

### A. *Claims by Parajecki Plaintiffs*

The Complaint in the above-captioned case—based upon alleged "repetitive stress injuries" suffered by the plaintiffs—was filed on August 5, 1993. It sets forth three theories for recovery: negligence; strict products liability; and loss of consortium. (*See* Compl. ¶¶ 36–52.) The following allegations in the Complaint pertain to the claims of the Parajecki Plaintiffs against Canon, Compaq and Xerox:

> Plaintiff Kathleen Parajecki's repetitive stress injuries were insidious in their onset and, accordingly, it is not possible to identify precisely the precise date of the onset of symptoms. Nor is it possible at this point to state that any initial symptoms experienced constituted the full manifestation or even a partial manifestation of each or any of the injuries that plaintiff ultimately sustained, or continues to sustain. Nonetheless, on or about April 1988, plaintiff began to experience some symptoms such as numbness, tingling, pain and/or sensory motor impairments of the upper extremities, neck and torso, with additional and new symptoms and injuries experienced thereafter.

(Compl. ¶ 7.)

Further, the Complaint alleges that:

> [o]n or about April 1988; October 1989; April 1990; May 1990; September 1991; October 1991; and November 1992, plaintiff Kathleen Parajecki received the diagnoses of or underwent surgery for the following conditions, respectively: tendonitis [sic] of the upper left extremity; surgery for tendonitis [sic] of the upper left extremity; bilateral carpal tunnel syndrome, surgery for left carpal tunnel syndrome, tendonitis [sic] of the upper right extremity; surgery for right carpal tunnel syndrome; right trigger finger syndrome;

surgery for right trigger finger syndrome; and surgery for tendonitis [sic] of the upper right extremity.

(Compl. ¶ 8.)

Finally, the Complaint alleges that:

[t]he nature of plaintiff's [sic] injuries is such that there is no precise moment of injury. Rather, there is a cumulative and prolonged process by which plaintiff [sic] sustained injury, aggravated existing injury, sustained new injury, and continues to do so.

(Compl. ¶ 9.)

### B. *New York Statute of Limitations*

Again, Canon and Compaq both seek summary judgment, on the ground that the claims of the Parajecki Plaintiffs are barred by New York's statute of limitations.[3] New York Civil Practice Law and Rules provides, in relevant parts, as follows:

(a) Accrual of cause of action and interposition of claim. The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed.

N.Y.Civ.Prac.L. & R. 203(a).

The following actions must be commenced within three years:

. . . . .

(5) an action to recover damages for a personal injury except as provided in sections 214-b, 214-c and 215.

N.Y.Civ.Prac.L. & R. 214(5) ("Section 214(5)").

■ It is well settled that a cause of action for personal injury in New York accrues from the date of injury. *Schmidt v. Merchants Despatch Transp. Co.*, 270 N.Y. 287, 200 N.E. 824 (1936); *see also Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 599 N.Y.S.2d 515, 516, 615 N.E.2d 999, 1000 (1993). However, New York Civil Law and Rules 214-c ("Section 214-c"), the so-called "discovery rule," provides an exception to this general principle; the Parajecki Plain-

tiffs argue that this exception is applicable to the instant case.

In relevant part, Section 214-c provides as follows:

Certain actions to be commenced within three years of discovery.

(1) In this section: "exposure" means direct or indirect exposure by absorption, contact, ingestion, inhalation, implantation or injection.

(2) Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for personal injury ... caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body ... must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

N.Y.Civ.Prac.L. & R. 214-c.

Defendants argue that Section 214-c is *not* applicable to the case at bar, and that, therefore, the three (3) year period provided by Section 214 should be computed from date of injury, not the date of discovery. The Court has reviewed the New York State cases that were cited by both sides in support of their respective positions as to the applicability of Section 214-c to RSI claims. The Court finds most significant the First Department's affirmation of the decision by Justice Saks in *Wallen v. American Tel. & Tel. Co.*, Index No. 12336/91 (N.Y.Sup.Ct. Bronx County Sept. 17, 1992), *aff'd*, 195 A.D.2d 417, 601 N.Y.S.2d 796 (1st Dep't), *leave to appeal denied*, 82 N.Y.2d 659, 605 N.Y.S.2d 5, 625 N.E.2d 590 (1993).

The plaintiff in *Wallen* filed a products liability action in 1991. *Wallen* at 1. Justice Saks found, *inter alia*, that Section 214-c was inapplicable to the plaintiff's claim for "bilateral carpal tunnel syndrome," (*see id.* at 1), because "there was no contact with a 'substance' within that statute's meaning."

---

3. Plaintiffs and the moving Defendants are in agreement that New York's statute of limitations governs the instant matter. However, as dis-

cussed below, the parties are in disagreement as to whether or not New York's "discovery rule" is applicable to the case at bar.

*Wallen* at 2. The court continued that "[i]n any event, even if this case had fallen under Section 214–c, it is important to note that that statute fixes the significant date as of the time of *discovery, actual or imputed, of the injury,* not the time of discovery of the *cause* of the injury." *Id.*

In *NYCDEWPLL* [4]—*Johansen v. Honeywell, Inc.,* Index No. 107519/93 (N.Y.Sup.Ct. N.Y. County Aug. 17, 1994), *NYCDEWPLL—Lorraine v. International Business Machines Corp.,* Index No. 28151/92 (N.Y.Sup.Ct.N.Y. County Aug. 17, 1994), and *NYCDEWPLL—Brooks v. International Business Machines Corp.,* Index No. 23720/92 (N.Y.Sup.Ct. N.Y. County Aug. 16, 1994), Justice Crane found that, by virtue of the First Department's affirmation of *Wallen,* the reasoning of Justice Saks in that decision was binding, and that, thus, Section 214–c was inapplicable to the product liability claims at issue.

Finally, in *Adams v. Key Tronic Corp.,* 94–CV–0535, 1994 WL 594779 (S.D.N.Y. Oct. 31, 1994), and *Anderson v. Atex, Inc.,* 93 Civ. 5320, 1994 WL 593790 (S.D.N.Y. Oct. 27, 1994), Judge Lasker indicated that "the applicable limitations period [in a repetitive stress injury case] is three years from the time of injury." *Adams* at 1–2; *Anderson* at 2 (each citing *NYCDEWPLL,* Index No. 499000/93 [5] and *Wallen*). Specifically, Judge Lasker found that "the discovery rule promulgated by ... [Section] 214–c is not applicable where ... plaintiffs allege injury resulting from keyboard use." *Adams* at 2; *Anderson* at 2. Thus, Judge Lasker concluded that "the three-year statutory period is to be measured from the time the injury occurs, not from the time the injury is discovered." *Adams* at 2; *Anderson* at 2–3.

After reviewing the cases cited by the parties—in particular the cases discussed above—the Court finds that Section 214–c is not applicable to the instant action. Thus, unless the instant suit was commenced within three years of the date of any injuries alleg-

edly suffered by plaintiffs, it is time barred. *See* Section 214(5).

### C. Claims Against Canon

■ Kathleen Parajecki was employed as a legal secretary at the Wisconsin firm of Raasch Fleming Reidenbach from September 1973 to May 1985. (Compl. ¶ 5.) Ms. Parajecki alleges that during that time she used an electric typewriter manufactured by Canon. (*Id.* ¶ 6.) The Complaint does not allege that Ms. Parajecki used any Canon product after May 1985. Canon argues that the rationale of *Schmidt* and *Snyder* support the conclusion that because Ms. Parajecki ceased using a Canon product in May 1985, any cause of a action based upon Canon's alleged negligence is time barred if commenced more than three years after that time.

In *Schmidt,* New York's Court of Appeals considered the timeliness of a claim that was commenced against an employer more than three years after the plaintiff's employment had ceased. 270 N.Y. at 298, 200 N.E. 824. The court found that "[a]ny breach of duty owed by the defendant as employer must, then, have been completed before that time." *Id.* Thus, the *Schmidt* court dismissed the negligence claim at issue. *Id.*

Significantly, the *Schmidt* court noted that "[t]here can be no doubt that a cause of action accrues only when the forces wrongfully put in motion product injury." *Id.* at 300, 200 N.E. 824. The court continued that this

does not mean that the cause of action accrues only when the injured person knows or should know that the injury has occurred. The injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action accrues.

*Id.* Finally, the *Schmidt* court indicated that, except when a statute expressly provides otherwise,

the statutory period of limitations begins to run from the time when liability for

---

4. Xerox informs the Court that "[t]he Supreme Court, New York County RSI actions have been captioned 'In re: New York County Data Entry Workers Product Liability Litigation,' or 'NYCDEWPLL'." (Xerox Reply Mem. at 4 n. 1.)

5. No further information was provided to identify that decision.

wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury. Consequential damages may flow later from an injury too slight to be noticed at the time it is inflicted. No new cause of action accrues when such consequential damages arise.

*See id.*

In *Snyder,* New York's Court of Appeals reaffirmed the proposition that a cause of action accrues when an injury is sustained. 599 N.Y.S.2d at 516–17, 615 N.E.2d at 1000–01 (citing *Schmidt,* 270 N.Y. at 300–01, 200 N.E. 824). "Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint." *Id.* (citations omitted).

In numerous RSI actions in New York State, Justice Crane has ruled that claims against a defendant are barred three years after the plaintiff has ceased using the product at issue. For example, Justice Crane found that the claims against the defendants in *Brooks* were so time barred "because, manifestly, any injury from using [defendant's product] had to occur before its use was discontinued." *Brooks* at 7. Likewise, in *Lorraine* and *Johansen,* Justice Crane found that several of the claims at issue were time barred because they were filed more than three years after the plaintiffs had discontinued use of the products at issue.[6]

Relying upon Justice Crane's decision in *Johansen,* Judge Lasker held in *Adams* that "[b]ecause, without qualification, the plaintiff does not allege that she used [defendant's] products within the statutory period, the complaint is dismissed as to" that defendant. *Adams* at 4. Similarly, in *Anderson,* Judge Lasker held that "[b]ecause, without qualification, the plaintiffs do not allege that they used Digital Equipment products within the statutory period, the complaint is dismissed as to Digital." *Anderson* at 5.

After reviewing the cases cited by the parties—in particular the cases discussed above—this Court finds that the claims of Plaintiff Kathleen Parajecki against Canon that are based on negligence and strict products liability are time barred, as the instant suit was commenced more than three years following her last use of a Canon product.[7] From this, it follows that the derivative claims of Ms. Parajecki's husband, Plaintiff Allen Parajecki, against Canon must also fail. *See Jordan v. Lipsig,* 689 F.Supp. 192, 196–97 (S.D.N.Y.1988) ("A claim for loss of consortium or services is a derivative action, and in the common law of New York, does not exist 'independent of the injured spouse's right to maintain an action for injuries sustained.'") (citing *Liff v. Schildkrout,* 49 N.Y.2d 622, 427 N.Y.S.2d 746, 749, 404 N.E.2d 1288, 1291 (1980)); *Cody v. Village of Lake George,* 177 A.D.2d 921, 576 N.Y.S.2d 912 (3d Dep't 1991) ("The required dismissal of plaintiff's action for untimeliness also requires dismissal of the husband's derivative action, which depends on the same claim of negligence, ... because in these circumstances the husband is denied a remedy....") (citations omitted). In light of the above, the Court grants Canon's Motion for Summary Judgment against the Parajecki Plaintiffs based upon the statute of limitations.

### D. *Claims Against Compaq*

#### 1. *Specified Injuries*

Ms. Parajecki was employed as a legal secretary at the Wisconsin firm of Quarles &

---

6. In *Lorraine,* Justice Crane reasoned that "[o]bviously, any injury from using the equipment of these defendants had to occur before [the plaintiff] discontinued using it." *Lorraine* at 8. Likewise, in *Johansen,* Justice Crane found that because "the last use fell without the period of limitations, the [plaintiff's] claims against IBM are barred." *Johansen* at 7.

7. The undersigned, like Justice Crane, *see, e.g., Brooks* at 5–6, rejects Plaintiffs' argument that "Canon'[s] breaches of its continuing duty to warn renders it liable to plaintiffs even when three years have elapsed between a plaintiff's last

use of a particular defendant's product and the filing of suit." (Pls.' Nov. 7, 1994 Mem.Opp. at 16.) As Justice Crane has repeatedly indicated, "whatever the merit may be to the continuing-duty-to-warn concept, the claim accrued when injury first manifested itself or when use of the product ceased." *Brooks* at 5–6 (citing *Snyder*).

Similarly, as has Justice Crane, *see, e.g., Brooks* at 5 n. 2, the undersigned rejects Plaintiffs' argument that the defendants in the instant action should be equitably estopped from asserting the statute of limitations defense. (*See* Pls.' Mem. Opp. at 23.)

Brady from November 1988 to January 1993; during that time, Ms. Parajecki used, *inter alia*, a keyboard manufactured by Compaq. (Compl. ¶ 6.) The Complaint alleges, *inter alia*, that in April 1988, Ms. Parajecki was diagnosed with tendinitis of the upper left extremity and that she underwent surgery for the same in October 1989. (*See* Compl. ¶ 8.) Further, the Complaint alleges that Ms. Parajecki was diagnosed with bilateral carpal tunnel syndrome and tendinitis of the upper right extremity in April 1990 and underwent surgery during that month for left carpal tunnel syndrome. (*See id.*) Finally, the Complaint alleges that in May 1990, Ms. Parajecki underwent surgery for right carpal tunnel syndrome. (*See id.*) All of the above-referenced occurrences were outside the three-year statutory period.

■ As previously indicated, *see supra* at 6, it is well-settled law that a cause of action for personal injury in New York accrues from the date of injury. Because the instant suit was commenced in August 1993, the claims by the Parajecki Plaintiffs against Compaq that are based upon any injuries that allegedly occurred *prior* to August 1990 are clearly time barred. Specifically, the claims for the following injuries allegedly sustained by Ms. Parajecki fall into that category: tendinitis of the upper left extremity;[8] bilateral carpal tunnel syndrome; tendinitis of the upper right extremity. Thus, the Court directs the entry of Summary Judgment against the Parajecki Plaintiffs as to their claims against Compaq based upon those alleged injuries.

The Complaint also alleges that Ms. Parajecki was diagnosed in September 1991 with right trigger finger syndrome. (*See* Compl. ¶ 8.) Therefore, that condition, as well as her usage of the targeted product, occurred within three (3) years of commencement of the present action. Nevertheless, as discussed below, Compaq is entitled to Summary Judgment, because the claim for that injury is time barred, as were the claims for the injuries that allegedly occurred *prior* to August 1990.

As the *Wallen* court noted,

> an injury is deemed to have occurred for statute of limitations purposes *no later than the time that the injurious process first manifests itself* .... [There is] no authority holding that the duration of the time of injury for accrual purposes may be extended by continuous and further exacerbating use of the allegedly injurious product. ...

*Wallen* at 2.

Compaq maintains that Ms. Parajecki's right trigger finger syndrome is part of the progression of a series of repetitive stress injuries that she claims to have sustained via her continuing use of its product over a number of years. *Wallen* instructs us that if each condition is part of a single process, the statute of limitations for all begins to run, at the latest, when the first injury manifests itself.

Further, Compaq argues that a perusal of the Complaint and omnibus affidavit of Plaintiffs' expert, Dr. Pascarelli, demonstrates the absence of proof to support Plaintiffs' dual position that the malady under discussion is "qualitatively different"[9] from her other injuries and, therefore, is not time barred. Reference to those two documents supports Compaq's position. The Complaint, rather than alleging that the right trigger finger injury is separate and distinct, explains that all of Ms. Parajecki's repetitive stress injuries are the result of a single "cumulative and prolonged process." (Compl. ¶ 9.)

Dr. Pascarelli's affidavit does not indicate that he has examined Ms. Parajecki nor reviewed her medical records. Accordingly, he

---

8. The Court notes that Ms. Parajecki allegedly received a diagnosis of tendinitis of the upper left extremity *prior* to her use of any Compaq product.

9. A discussion, albeit brief, of the concept of a "qualitatively different injury" in an RSI context, may be found in Justice Saks's decision in *Wal-len.* Index No. 12336/91 (Sept. 17, 1992), slip op. at 3; *see also Kuechler v. 805 Middlesex Corp.,* 866 F.Supp. 147 (S.D.N.Y.1994) (Lasker, J.); *Anderson v. Atex, Inc.,* 93 Civ. 5320, 1994 WL 593790 (S.D.N.Y. Oct. 27, 1994) (Lasker, J.); *NYCDEWPLL—Blau v. 805 Middlesex Corp.,* Index No. 124779/93 (N.Y.Sup.Ct. N.Y. County Aug. 22, 1994) (Crane, J.).

is not in a position to aid Plaintiffs because, as he notes in his affidavit,

> initial symptoms *may* relate to discrete causes or injuries different from those symptoms which present later. *Clinical judgments on a case-by-case basis are required to relate particular symptoms to particular injuries.*

(Pascarelli July 7, 1993 Affid. ¶ 31 (emphases added).)

Based on the foregoing, Compaq clearly "met its burden of coming forward with proof of the absence of any genuine issues of material fact" as to the claim for Ms. Parajecki's alleged right trigger finger injury. *See Celotex Corp.*, 477 U.S. at 321, 106 S.Ct. at 2551 (citations omitted). Thus, the "burden of responding" rested with Plaintiffs. *See id.* However, Plaintiffs' response was inadequate, consisting primarily of conclusory statements advanced by their attorneys, coupled with reference to the same two documents relied upon by Compaq, that is the Complaint and Dr. Pascarelli's affidavit.

It may be that Ms. Parajecki's alleged right trigger finger injury *is* separate and distinct from the injuries that she allegedly sustained outside the statutory period. Plaintiffs, however, have provided *no* evidence, expert or otherwise, to support that contention. Thus, Compaq's position that no genuine issue of material fact exists regarding the separate actionability of the alleged trigger finger injury stands uncontested. As a matter of law, there is no legally-framed issue for the trier of fact to decide. Therefore, after careful review of the record, this Court finds that Compaq has met its burden of demonstrating that it is entitled to Summary Judgment as to the claims against Compaq based upon Ms. Parajecki's alleged right trigger finger injury. *See Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223–24 (2d Cir.1994).

In short, for the foregoing reasons, the Court grants Compaq's Motion for Summary Judgment as to the claims against it for the specified repetitive stress injuries alleged in the Complaint.[10]

**10.** Any failure-to-warn claims based upon those injuries are time barred, because such claims

### 2. *Unspecified Injuries*

Next, the Court turns its attention to the allegations in the Complaint that Ms. Parajecki has sustained new injuries and aggravated existing injuries during the statutory period. (*See* Compl. ¶¶ 7, 9.) Compaq argues, *inter alia,* that "[e]ven if a 'qualitatively different' new injury could support a second limitations period ... plaintiffs have not met their burden of showing that Ms. Parajecki incurred any such [i.e., qualitatively different] injury." (Compaq Reply Mem. at 17.)

The Court views Compaq's argument as two-fold: first, that Plaintiffs have not provided any evidence to support their allegations that Ms. Parajecki sustained new injuries and aggravated existing injuries during the statutory period; and second, that even if Plaintiffs had come forward with evidence to support those allegations, they would also have had to come forward with some evidence that any injuries sustained *within* the statutory period were separate and distinct from any injuries that Ms. Parajecki sustained *outside* the statutory period.

In support of Plaintiffs' argument that there *is* a material issue as to whether or not Ms. Parajecki sustained unspecified repetitive stress injuries and aggravated existing injuries within the statutory period, as alleged in the Complaint, they rely upon the allegations in the Complaint and upon the affidavit of Dr. Pascarelli. (*See* Pls.' Mem. Opp. at 8–13.) Again, Dr. Pascarelli's affidavit does not indicate that he has examined Ms. Parajecki or reviewed her medical records. Accordingly, Dr. Pascarelli is not in a position to provide any support for the above-referenced allegations by Plaintiffs because, as he notes in his affidavit,

> initial symptoms *may* relate to discrete causes or injuries different from those symptoms which present later. *Clinical judgments on a case-by-case basis are required to relate particular symptoms to particular injuries.*

accrued from the date of injury. *See Schmidt,* 270 N.Y. 287, 200 N.E. 824.

(Pascarelli July 7, 1993 Affid. ¶ 31 (emphases added).) Further, Plaintiffs "may not rest upon the mere allegations" in their Complaint, "but must set forth specific facts showing that there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e).

Based on the foregoing, Compaq "met its burden of coming forward with proof of the absence of any genuine issues of material fact" as to the claims for unspecified injuries allegedly sustained and aggravated by Ms. Parajecki during the statutory period. *See Celotex Corp.,* 477 U.S. at 321, 106 S.Ct. at 2552 (citations omitted). Thus, the "burden of responding" rested with Plaintiffs. *See id.* However, their response was inadequate, consisting, again, primarily of conclusory statements advanced by their attorneys, coupled with reference to the same two documents relied upon by Compaq, that is the Complaint and Dr. Pascarelli's affidavit.

It may be that Ms. Parajecki *has* suffered unspecified repetitive stress injuries within the statutory period and that existing injuries have been aggravated during the statutory period. Plaintiffs have, however, provided *no* evidence to support these allegations. Moreover, as Compaq suggests, Plaintiffs must, in order to survive the instant motion, come forward with some evidence that any injuries sustained by Ms. Parajecki *within* the statutory period were separate and distinct from any injuries that Ms. Parajecki sustained *outside* the statutory period. Clearly, Plaintiffs have failed to do so.

For the foregoing reasons, after careful review of the record, this Court finds that Compaq has met its burden of demonstrating that it is entitled to Summary Judgment. *See Gallo,* 22 F.3d at 1223–24.

## II. *Xerox's Motion to Dismiss*

■ Finally, the Court turns its attention to Xerox's Motion to Dismiss for failure to state a claim upon which relief can be granted.[11] *See* Fed.R.Civ.P. 12(b)(6). A Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In reviewing the sufficiency of the Complaint, the Court takes the plaintiff's allegations as true and construes them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–102); *Stewart v. Jackson & Nash,* 976 F.2d 86, 87 (2d Cir.1992).

In short, a Complaint should be summarily dismissed under Federal Rule of Civil Procedure 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–102). With these principles in mind, the Court turns to a discussion of the issues in the case at bar.

■ Ms. Parajecki alleges that as an employee of the Wisconsin firm of Quarles & Brady, she has used, from October 1986 to present, *inter alia,* a typewriter manufactured by Xerox. (Compl. ¶ 6.) As indicated above, *see supra* at 1056, because the instant suit was commenced in August 1993, the claims by the Parajecki Plaintiffs against Xerox that are based upon injuries that allegedly occurred *prior* to August 1990 are clearly time barred. Specifically, the claims for the following injuries allegedly suffered by Ms. Parajecki are so barred: tendinitis of the upper left extremity; bilateral carpal tunnel syndrome; tendinitis of the upper right extremity. *See supra* at 1055–1056. Thus, the Court hereby grants Xerox's Motion to Dismiss the claims of the Parajecki Plaintiffs so far as they seek to recover for the above-referenced specified injuries.

Again, the Complaint also alleges that Ms. Parajecki was diagnosed in September 1991 with right trigger finger syndrome. (*See* Compl. ¶ 8.) Therefore, that condition, as well as her usage of the targeted product, occurred within three (3) years of commencement of the present action. Any claim for such an injury, however, would be time

---

11. The Court declines to convert Xerox's Motion to Dismiss into a Motion for Summary Judgment.

barred, unless such injury were shown to be separate and distinct from those that Ms. Parajecki allegedly sustained prior to August 1990. *See supra* at 1056–1057. As previously indicated, the Complaint, however, rather than alleging that the right trigger finger injury is separate and distinct, explains that all of Ms. Parajecki's repetitive stress injuries are the result of a single "cumulative and prolonged process." (Compl. ¶ 9.)

Similarly, while the Complaint alleges that Ms. Parajecki has sustained new unspecified injuries and aggravated existing unspecified injuries during the statutory period, (*see* Compl. ¶¶ 7, 9), it does not allege that these injuries are separate and distinct from those that she allegedly sustained prior to August 1990.

In light of the foregoing, Xerox's Motion to Dismiss will be granted as to the remaining claims by the Parajecki Plaintiffs against Xerox unless Plaintiffs file in good faith, on or before October 17, 1995, an Amended Complaint alleging that injuries were sustained by Plaintiffs within the statutory period and, further, that those injuries were separate and distinct from any injuries sustained prior to such period.[12]

### Conclusion

For the reasons set forth above, Canon's Motion for Summary Judgment and Compaq's Motion for Summary Judgment are granted in their entirety. Xerox's motion to dismiss is granted in part.

SO ORDERED.

---

12. Of course, the parties are aware that "[b]y presenting to the court … a pleading … an attorney … is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, … the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R.Civ.P. 11(b)(3).