Kathleen **PARAJECKI** and Allen Parajecki, and Elizabeth L. Johnson and William E. Johnson, Plaintiffs,

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION**, Compaq Computer Corporation, Xerox Corporation, Canon U.S.A., Incorporated, and Smith Corona Corporation, Defendants.

No. 93–CV–3532 (DRH).

United States District Court, E.D. New York.

Feb. 20, 1996.

Levy Phillips & Konigsberg, R.L.L.P., New York City by Steven J. Phillips, for plaintiffs.

Debevoise & Plimpton, New York City by John S. Kiernan, for defendant Compaq Computer Corporation.

Cerussi & Spring, White Plains, New York by Joseph A. D'Avanzo, for defendant International Business Machines Corporation.

Barry, McTiernan & Moore, New York City by Suzanne Halbardier, for defendant Smith Corona Corporation.

Schoeman, Marsh & Updike, New York City by Mitchell M. Breit and Charles B. Updike, for defendant Xerox Corporation.

*MEMORANDUM AND ORDER*

APPEARANCES: [1]

HURLEY, District Judge.

Currently pending before the Court in the above-captioned case is a Motion by Xerox Corporation ("Xerox") for Reargument, pursuant to Local Civil Rule 3(j), of the motion by Xerox that was disposed of by the Court's September 22, 1995 Order. *See Parajecki v. International Business Machines Corp.*, 899 F.Supp. 1050 (E.D.N.Y.1995). For the reasons indicated below, Xerox's Motion for Reargument is granted, and Xerox's underlying Motion for Summary Judgment as to the claims by Plaintiffs Kathleen Parajecki and Allen Parajecki (collectively, "the Parajecki Plaintiffs") is also granted.

### Background

By Order dated September 22, 1995, the Court granted in their entireties the Motions for Summary Judgment by Canon U.S.A., Incorporated ("Canon") and Compaq Computer Corporation ("Compaq") as to the claims against these defendants by the Parajecki Plaintiffs. *See Parajecki*, 899 F.Supp. at 1054–58. Additionally, the Court granted in part Xerox's Motion to Dismiss the claims asserted against Xerox by the Parajecki Plaintiffs.[2] *See id.* at 1058.

The Court further indicated that Xerox's Motion to Dismiss would be granted as to the remaining claims by the Parajecki Plaintiffs against Xerox "unless Plaintiffs file[d] in good faith, on or before October 17, 1995, an Amended Complaint alleging that injuries were sustained by Plaintiffs within the statutory period and, further, that those injuries were separate and distinct from any injuries sustained prior to such period."[3] *Parajecki*, 899 F.Supp. at 1059.

Xerox has now filed a Motion for Reargument, claiming that the Court erred in "con-

---

1. The Appearance List may be found on the final page of this Order. (Editor's Note: The attorneys are published preceding this opinion.)

2. Specifically, the Court granted Xerox's Motion to Dismiss such claims so far as they sought recovery from Xerox for the following injuries allegedly suffered by Ms. Parajecki: tendinitis of

the upper left extremity; bilateral carpal tunnel syndrome; and tendinitis of the upper right extremity. *Parajecki*, 899 F.Supp. at 1058.

3. Plaintiffs filed an Amended Complaint on October 17, 1995.

clud[ing] that Xerox's motion was one to dismiss only, pursuant to Rule 12 of the Federal Rules of Civil Procedure, when in fact Xerox's motion also sought summary judgment pursuant to Rule 56." (Xerox's Oct. 6, 1995 Mem.Supp. at 2.)

## DISCUSSION

### I. Local Civil Rule 3(j)

Xerox has moved for reargument pursuant to Local Civil Rule 3(j) ("Rule 3(j)"). That rule provides as follows:

> A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion.... There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.... No affidavits shall be filed by any party unless directed by the court.

Local Civ. R. 3(j) (footnote added).

■ The standards controlling a motion for reargument pursuant to Rule 3(j) are the same as those for a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *In re New York Asbestos Litig.*, 847 F.Supp. 1086, 1141 (S.D.N.Y.1994) (citations omitted), *aff'd in part and vacated in part on other grounds*, 72 F.3d 1003 (2d Cir.1995). "Thus, to be entitled to reargument under Rule 3(j), the [movant] must demonstrate that the Court overlooked controlling decisions or factual matters that were put before ... it on the underlying motion." *Id.* (citations omitted).

### II. Xerox's Motion for Reargument

■ Again, by the instant motion, Xerox maintains that the Court overlooked the fact that, in addition to moving to dismiss the claims of the Parajecki Plaintiffs, it had also moved for summary judgment on those claims. (*See* Xerox's Oct. 6, 1995 Mem.Supp. at 4.) A review of Xerox's underlying Notice of Motion reveals that it indicated that Xerox

was moving "for an order pursuant to Federal Rules of Civil Procedure 12 and 56, dismissing the complaint of Kathleen and Allen Parajecki against Xerox...." [4] (Xerox's Oct. 18, 1994 Not.Mot.)

The Court notes that there is case law indicating that a motion that seeks relief pursuant to Federal Rule of Civil Procedure 12 *and* Federal Rule of Civil Procedure 56—in regard to the same claim—is inconsistent, because the Court is being asked "to make determinations based solely on the pleadings *and* to consider matters outside the scope of the pleadings." *See Carino v. Town of Deerfield (Oneida County, New York)*, 750 F.Supp. 1156, 1160 (N.D.N.Y.1990), *aff'd*, 940 F.2d 649 (2d Cir.1991).

Thus, to the extent that Xerox moved, under Rule 12, to dismiss all of the Parajecki Plaintiffs' claims against it *and* (rather than "or") for summary judgment, under Rule 56, on such claims, such motions might be viewed as incompatible. Such issue, however, was not raised by the plaintiffs, nor explicitly addressed by the Court. Plaintiffs, as explained below, treated Xerox's motion as one for summary judgment; the Court, however, addressed Xerox's motion to dismiss, and indicated that such motion would not be converted into one for summary judgment. *See Parajecki*, 899 F.Supp. at 1058 n. 11.

In response to the underlying motions by Xerox, Canon, and Compaq, the plaintiffs submitted an attorney's affidavit entitled "Affidavit ... in Opposition to Defendants' Canon, Compaq and Xerox's Motions for Summary Judgment," (*see* Golanski's Nov. 7, 1994 Aff.), and a Memorandum of Law in Opposition. (*See* Pls.' Nov. 7, 1994 Mem.Opp.) Additionally, the plaintiffs submitted a document entitled "Plaintiffs' Statement of Disputed Material Facts Pursuant to Civil Rule 3(g) in Opposition to Defendant[s'] Canon, Compaq, and Xerox's Motions for Summary Judgment." (*See* Pls.' Nov. 7, 1994 Statement attached to Golanski's Nov. 7, 1994 Aff.) Each of these submissions by plaintiffs referenced pending motions for summary

---

4. In its September 22, 1995 Order, the Court stated that Xerox had filed a Motion to Dismiss and had moved, "[a]lternatively, ... pursuant to Federal Rule of Civil Procedure 56." *See Parajecki*, 899 F.Supp. at 1051 n. 2. As indicated above, however, a more accurate description of Xerox's motion would be that, rather than requesting alternative relief, Xerox purportedly sought relief pursuant to *both* Rule 12 and Rule 56.

judgment by all of the moving defendants, including Xerox. (*See* Golanski's Nov. 7, 1994 Aff. ¶ 47; Pls.' Nov. 7, 1994 Mem.Opp. at 16, 25; Pls.' Nov. 7, 1994 Statement at 1.)

More importantly, the plaintiffs presented matters outside the pleadings in response to Xerox's motion. Specifically, they submitted, and asked that the Court consider, an affidavit by Dr. Emil Pascarelli. (*See* Pls.' Nov. 7, 1994 Mem.Opp. at 8; *see also* Golanski's Nov. 7, 1994 Aff. at Ex. 4.) As the Court may not consider matters outside the pleadings on a motion to dismiss, it is clear that the plaintiffs were on notice of Xerox's Motion for Summary Judgment and responded accordingly.

Upon review of the record in the case at bar—particularly the response papers submitted by Plaintiffs—and upon further reflection, this Court finds that to the extent that the relief requested by Xerox was inconsistent, such defect was academic rather than substantive. In light of the foregoing, the Court finds that it erred in not considering Xerox's Motion for Summary Judgment. Therefore, the Court grants Xerox's Motion for Reargument, and vacates that portion of its September 22, 1995 Order that granted in part and denied in part Xerox's Motion to Dismiss. Finally, pursuant to the rationale set forth in the Court's Order of September 22, 1995, Xerox's underlying Motion for Summary Judgment as to all of the claims against Xerox by the Parajecki Plaintiffs is granted.[5] *See Parajecki*, 899 F.Supp. at 1055–58.

### Conclusion

For the reasons set forth above, the Court grants Xerox's Motion for Reargument, vacates the above-specified portion of its September 22, 1995, and grants Xerox's underlying Motion for Summary Judgment.

SO ORDERED.

---

**5.** The Court notes that, by Order dated November 21, 1995, it granted Canon's request, pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"), that final judgment be entered in its favor in the above-captioned case. The Court, by the same Order, denied a similar request by Compaq because of the claims remaining, at that time, by the Parajecki Plaintiffs against Xerox. (*See* Nov. 21, 1995 Order at 5–6.) In light of the instant Order, granting summary judgment in favor of Xerox as to such claims, the Court would entertain a request to revisit its denial of Compaq's Rule 54(b) request.