■ In the Matter of MELODY L. DARRIN et al., Appellants, v COUNTY OF CATTARAUGUS, Respondent. [58 NYS3d 801]—

Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered November 4, 2015. The order, insofar as appealed from, denied that part of the application of claimants for leave to file and serve a late notice of claim for claimant Bradley Darrin.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the application is granted in its entirety.

Memorandum: Claimants appeal from an order that, inter alia, denied that part of their application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) for the derivative claims of claimant Bradley Darrin (husband). We agree with claimants that Supreme Court abused its discretion in denying that part of the application. " 'It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining a defense on the merits' " (*Matter of Turlington v Brockport Cent. Sch. Dist.*, 143 AD3d 1247, 1248 [2016]). " 'While the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [municipality] received actual knowledge of the facts constituting the claim in a timely manner' " (*id.*). With respect to actual knowledge, "[i]t is well established that '[k]nowledge of the injuries or damages claimed . . . , rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim' " (*id.*).

Here, respondent contends that it did not receive actual knowledge of the facts constituting the husband's claim because it did not receive knowledge of the injuries or damages claimed by the husband. We reject that contention. "[C]ourts have granted leave to serve a supplemental or amended notice of claim to add a derivative cause of action for loss of consortium . . . where such claim 'results from the same facts as were alleged in a timely and otherwise admittedly valid notice of claim for personal injuries' " (*Betette v County of Monroe*, 82 AD3d 1708, 1710 [2011]; *see Dodd v Warren*, 110 AD2d 807, 808 [1985]). Indeed, courts have generally recognized that derivative causes of action "[are] predicated upon exactly the same facts" as the injured party's claims (*Matter of Cody v Village of Lake George*, 158 AD2d 888, 889 [1990]). As a result, where it has been determined that the respondent received timely notice of the injured claimant's claims, "there can be no claim of prejudice to respondent" resulting from a late notice of a derivative claim (*id.*).

Although we recognize that claimants did not file a timely notice of claim for the injuries sustained by claimant Melody L. Darrin (wife), the court's determination to grant the application with respect to her suggests that the court determined that respondent had actual knowledge of the facts underlying her claim. Inasmuch as the husband's derivative claim is "predicated upon exactly the same facts" as the wife's claims (*id.*), we discern no rational basis upon which the court could have granted the application with respect to the wife but not the husband (*see Centelles v New York City Health & Hosps. Corp.*, 84 AD2d 826, 827 [1981]; *cf. Hayden v Incorporated Vil. of Hempstead*, 103 AD2d 765, 766 [1984]; *Matter of Holland v New York City Health & Hosps. Corp.*, 81 AD2d 638, 639 [1981]). Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.