Matter of Diaz v Rochester-genesee Regional Transp. Auth. (RGRTA) (2019 NY Slip Op 06923)





Matter of Diaz v Rochester-genesee Regional Transp. Auth. (RGRTA)


2019 NY Slip Op 06923


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


836 CA 19-00077

[*1]IN THE MATTER OF SIMARIS DIAZ, CLAIMANT-APPELLANT,
v
ROCHESTER-GENESEE REGIONAL TRANSPORTATION AUTHORITY (RGRTA), REGIONAL TRANSIT SERVICE, INC., AND LIFT LINE, INC., RESPONDENTS-RESPONDENTS. 






CELLINO & BARNES, P.C., ROCHESTER (RICHARD P. AMICO OF COUNSEL), FOR CLAIMANT-APPELLANT. 
BARCLAY DAMON LLP, ROCHESTER (STACY A. MARRIS OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered July 11, 2018. The order denied the application of claimant for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant appeals from an order that denied her application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Claimant was operating a garbage truck on August 2, 2017, when the truck was involved in a collision with a bus allegedly owned and operated by respondents. Shortly thereafter, an employee of respondent Regional Transit Service, Inc. went to the scene of the collision and spoke to claimant as part of an investigation. Claimant stated that she was unhurt. On October 24, 2017, claimant retained the services of a law firm, which prepared a notice of claim, but the notice of claim was not timely served. An application for leave to serve a late notice of claim was served on respondents on January 29, 2018. Supreme Court denied the application, and we affirm.
A party asserting a tort claim against a public corporation must serve a notice of claim within 90 days of the accrual of the claim (see General Municipal Law § 50-e [1] [a]). A court may, however, extend the time in which to serve a notice of claim upon consideration of several factors, including whether the claimant has "shown a reasonable excuse for the delay, whether [the] respondents had actual knowledge of the facts surrounding the claim within 90 days of its accrual or within a reasonable time thereafter,' and whether the delay would cause substantial prejudice to the [respondents]" (Matter of Diegelman v City of Buffalo, 148 AD3d 1692, 1693 [4th Dept 2017], quoting § 50-e [5]). Although no factor is determinative, " one factor that should be accorded great weight is whether the [respondents] received actual knowledge of the facts constituting the claim in a timely manner' " (Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]; see Matter of Darrin v County of Cattaraugus, 151 AD3d 1930, 1931 [4th Dept 2017]). "It is well established that [k]nowledge of the injuries or damages claimed . . . , rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim' " (Turlington, 143 AD3d at 1248; see Darrin, 151 AD3d at 1931). " Absent a clear abuse of the court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed' " (Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1653-1654 [4th Dept 2018]).
Here, it is undisputed that respondents lacked actual knowledge of claimant's alleged [*2]injuries within the 90-day statutory period. Moreover, the record establishes that claimant's attorneys did not promptly notify respondents of the essential facts of the claim upon discovering their failure to serve a notice of claim in a timely manner. Instead, for reasons that are not explained in the record, claimant's attorneys waited until 180 days had passed since the accident to serve the application. Although we agree with claimant that respondents failed to establish substantial prejudice resulting from the delay (see generally Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016], rearg denied 29 NY3d 963 [2017]), claimant failed to provide a reasonable excuse. Therefore, we cannot conclude that the court clearly abused its broad discretion in denying claimant's application (see generally Powell v Central N.Y. Regional Transp. Auth., 169 AD3d 1412, 1413-1414 [4th Dept 2019]; Turlington, 143 AD3d at 1249).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court