Susan L. BEATTIE, Plaintiff,

v.

ACER AMERICAN CORPORATION, successor to Acer Technologies Corporation, Litton Industries, Inc., f/k/a Royal McBee Corporation, f/k/a Royal Typewriter Company, Inc., and Konica Business Machines U.S.A., Inc., f/k/a Royal Business Machines, Inc., Defendants.

No. 96–CV–0111 (DRH).

United States District Court,
E.D. New York.

Feb. 7, 1996.

Levy Phillips & Konigsberg, R.L.L.P. by Steven J. Phillips, New York City for Plaintiff.

Baker & McKenzie by Robert J. Kashtan, New York City for Defendant Acer American Corporation.

Herzfeld & Rubin, P.C. by Jeffrey L. Chase, Maureen Doerner Fogel, New York City for Defendant Konica Business Machines U.S.A., Inc.

Mallow, Konstam & Hager by Gerald M. Mallow, New York City for Defendant Litton Industries, Inc.

APPEARANCES: [1]

### MEMORANDUM AND ORDER

HURLEY, District Judge.

Presently pending in the above-captioned case are Motions for Judgment on the Pleadings by Acer American Corporation ("Acer"), Litton Industries, Inc. ("Litton") and Konica Business Machines U.S.A., Inc. ("Konica"). Each of these defendants argues that the claims against it asserted by Susan L. Beattie ("Beattie") are time barred by the applicable statute of limitations.[2] For the reasons stated below, the Court grants the motions by Litton and Konica. A decision on Acer's motion will be issued at a later date.

1. The Appearance List may be found on the final page of this Order. [Editor's Note: The attorneys are published preceding this opinion.]

2. By Order dated January 9, 1996, the Court, upon consent of the parties, ordered that the claims of Beattie be severed from the claims of the other plaintiffs in *Marcano v. Memorex*, 93– CV–1720, and that a new case number be assigned to the severed Beattie claims. At the time of severance, the motions by Acer, Litton and Konica were pending in the *Marcano* action; such motions were subsequently transferred to the *Beattie* action.

## DISCUSSION

### I. *Motion for Judgment on the Pleadings*

 "Judgment on the pleadings is appropriate where material facts are undisputed and a judgment on the merits is possible merely by considering the contents of the pleadings." *Sunrise Indus. Joint Venture v. Ditric Optics, Inc.*, 873 F.Supp. 765, 769 (E.D.N.Y.1995) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)). "In considering a motion for judgment on the pleadings, the court must accept as true all of the non-movant's well pleaded factual allegations, and draw all reasonable inferences therefrom in favor of the non-movant." *Id.* (citing *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir.1994)) (further citation omitted).

 "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief, the court can not grant a defendant's motion for judgment on the pleadings." *Sunrise Indus.*, 873 F.Supp. at 769 (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994); *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977)). With these principles in mind, the Court turns to a discussion of the issues in the case at bar.

### II. *Claims by Susan Beattie against Litton and Konica*

 Beattie was employed as a Sales Coordinator at "Tablet Pub" in Brooklyn, New York between July of 1983 and July of 1992. (Compl. ¶ 161.) The Complaint alleges that Beattie used typewriter equipment manufactured by Litton and Konica between the years of 1984 and 1988. (*Id.* ¶ 163.) The Complaint does not allege that Beattie used any Litton or Konica product after 1988.

Because the instant suit was commenced in April of 1993, more than three (3) years after Beattie's alleged last use of any product manufactured by Litton or Konica, both moving defendants argue that judgment on the pleadings should be entered in their respective favors, on the grounds that Beattie's claims are barred by the applicable statute of limitations.

As a preliminary matter, the Court notes that both parties agree that New York law provides the applicable statute of limitations. Specifically, the applicable limitations period is provided by New York Civil Practice Law and Rules 214(5) ("Section 214(5)").[3] Section 214(5) provides, in relevant part, as follows:

> The following actions must be commenced within three years:
>
> . . . . .
>
> (5) an action to recover damages for a personal injury except as provided in sections 214–b, 214–c and 215.

N.Y.Civ.Prac.L. & R. 214(5).

Next, the Court rejects Beattie's argument, (*see* Pl.'s June 28, 1995 Mem.Opp. at 14–16), that any alleged breaches by the defendants of a continuing duty to warn render them liable even when three years have elapsed between a plaintiff's last use of a product and the filing of suit. *See Parajecki*, 899 F.Supp. at 1055 n. 7. Similarly, the Court rejects Beattie's argument (*see* Pl.'s June 28, 1995 Mem.Opp. at 21–22), that the defendants in the instant action are equitably estopped from asserting the statute of limitations defense. *See Parajecki*, 899 F.Supp. at 1055 n. 7.

Finally, pursuant to the rationale provided in *Parajecki*, the Court finds that Litton and Konica are entitled to judgment on the pleadings as to the claims against them by Beattie, because the instant suit was commenced more than three years following Beattie's last use of a product manufactured by those defendants. *See Parajecki*, 899 F.Supp. at 1054–55.

### Conclusion

For the reasons indicated above, the Court grants the Motions for Judgment on the Pleadings by Litton and Konica as to the

---

**3.** The Court is unpersuaded by Beattie's argument, (*see* Pl.'s June 28, 1995 Mem.Opp. at 16–21), that New York Civil Practice Law and Rules 214–c is applicable to the instant action. *See Parajecki v. Int'l Business Machines Corp.*, 899 F.Supp. 1050, 1054 (E.D.N.Y.1995).

claims against them by Plaintiff Susan L. Beattie.

SO ORDERED.