**In re REPETITIVE STRESS
INJURY LITIGATION.**

United States District Court,
E.D. New York.

March 26, 1996.

**368**

Thomas E. Reidy, Nixon Hargrave Devans & Doyle, Rochester, New York, Gordon L. Lang, Nixon Hargrave Devans & Doyle, Washington, D.C., for 805 Middlesex, Eastman Kodak Company.

Robert J. Kashtan, Baker & McKenzie, New York City, for Acer America Corporation and Altos Computer Systems.

Michael Yoeli, Gordon & Silber, New York City, for AEG Olympia Corporation, Inc.

Earl Barrison, Law Offices of Earl Barrison, New York City, for AM International.

Alfred R. Paliani, Ira Greenberg, Edwards & Angell, New York City, for American Telephone & Telegraph Company, AT & T Teletype Corporation, Western Electric Company, AT & T Technologies, Applied Digital Data Systems and NCR Corporation.

Deborah Del Sordo, Ahmuty, Demers & McManus, New York City, for Ampex Corporation.

Robert B. Churbuck, O'Brien McGamy, Mortagh & Mayr, Rockville Center, New York, for Apertus Technologies, Inc., Gateway 2000, Inc. and Samsung Information Systems America Inc.

Eric M. Kraus, Kimberly S. Penner, Sedgwick Detert Moran & Arnold, New York City, for Apollo Computers, Inc., Hewlett-Packard Company and Mitsubishi Electronics America, Inc.

Lawrence A. Schulz, Saperston & Day, P.C., Buffalo, New York, for Apple Computers, Inc.

Michael T. Walsh, Heidell Pittoni Murphy & Bach, P.C., New York City, for AST Research Incorporated and Recognition Equipment, Inc.

Drew M. Levitt, Boswell & Levitt, Boca Raton, Florida, for BACP, Inc.

Michael Menard, Rodgers, Menard & Coppola, Buffalo, New York, for Barrister Information Systems Corporation.

Virginia E. McDonald, Barron Braun Carroll Harms McDonald & Chionchio, New York City, James K. Stern, Schiavetti Geisler Corgan Soscia DeVito Gabriele & Nicholson, New York City, for Behavior Technology Computers Corporation.

Curtis, Zaklukiewicz, Vasile, Devine & McElhenny, Merrick, New York, for Bell and Howell Co. Documail Systems Division.

Edward J. Burns, Nixon Hargrave Devans & Doyle, Rochester, New York, for Bell Northern, Computer Consoles, Inc.

Arthur Liederman, Suzanne Perla, Standard Weisberg, P.C., New York City, for C. Itoh Electronics, Epson America, Inc., Fujitsu America, Inc., Fujitsu Systems Business of America, Inc., Matsushita Electric Corp. of America, Panasonic Company and Seiko Corporation of America.

Rhonda Yacker, Stroock & Stroock & Lavan, New York City, Jeffrey M. Sanberg, Dorsey & Whitney, New York City, for Canon U.S.A., Inc.

Bruce A. Torino, Torino & Singer, P.C., Mineola, New York, for Casio, Inc.

Thomas M. Gandolfo, Oppenheimer Wolff & Donnelly, New York City, for Ceridian Corporation.

Lawrence A. Hoffman, Olshan Grundman Frome & Rosenzweig, New York City, for Chicony America, Inc.

Scott M. Berman, Kaye Scholer Fierman Hays & Handler, New York City, for Commodore Business Machines, Inc.

John S. Kiernan, Debevoise & Plimpton, New York City, for Compaq Computer Corporation.

Paul S. Devine, Curtis Zaklukiewicz Vasile Devine & McElhenny, Merrick, New York, for Contel Corporation and GTE Corporation.

John P. Connors, Staten Island, New York, Thomas P. Wagner, Rawle &

Henderson, Philadelphia, Pennsylvania, for CPT Office Systems, Inc.

Craig F. Wilson, Costello, Shea & Gaffney, New York City, for Cybergraphics Systems, Inc.

Mark S. Dreier, Fulbright & Jaworski, New York City, for Datageneral Corporation and Ontel Corporation.

Stephen M. Cohen, Brody & Fabiani, New York City, for Data Point Corporation, Northgate Computer Corp., Xscribe Corporation, Wyse Technology, Inc. and Wyse Technology (Delaware) Inc.

Eleanor N. Flach, Capriano Lichtman & Flach, New York City, for Davox Corporation, Goldstar Technology, Inc., Hastech, Inc., ICL, Inc., Information International, Inc., Intellicall Inc. a/k/a Intecal Leading Edge Products, Inc., Microsoft Corporation, Ontel, Sun Microsystems, Inc., System Integrators, Inc., Tandem Computer Inc., Xyvision Inc., Xyvision Design Systems, Inc.

Jeffrey Kluger, McGivney & Kluger, Florham Park, New Jersey, Sean F.X. Dugan, Martin, Clearwater & Bell, New York City, for Decision Data Holdings, Ltd.

Anthony D. Martine, McMahon Martine & Gallagher, New York City, for Dell Computer Corporation.

Kenneth J. King, Beatie King & Abate, New York City, Richard H. Alpert, Digital Equipment Corporation, Maynard, Massachusetts, for Digital Equipment Corporation and Digital Equipment Corporation.

Rosanna Polito, Lester Schwab Katz & Dwyer, New York City, for Electrocom Automation, Inc., Fountain Technologies, Inc. and Miles, Inc.

Robert J. Dwyer, Bryan Cave McPheeters & McRoberts, New York City, for Esco Electronics Corporation and Hazeltine Corporation.

Steven E. Garry, Craig F. Wilson, Costello & Shea, New York City, for E. Systems, Inc., Harris Corporation, Lanier Business Products, Lanier Worldwide, Inc.

David P. Schaffer, White, Gorman & Baker, New York City, for Focus Electronic Corp.

Josh H. Kardisch, Rivkin Radler & Kremer, Uniondale, New York, for General Instrument Corporation, Quixote Corporation and Stenograph Corporation.

Paul S. Devine, Curtis Zaklukiewicz Vasile Devine & McElhenny, Merrick, New York, for GTE Corporation.

Thomas W. Alfano, Bert L. Wolff, Skadden Arps Slate Meagher & Flom, New York City, for Honeywell, Inc.

Joseph A. D'Avanzo, Cerussi & Spring, White Plains, New York, for International Business Machines Corporation.

Peter A. Cross, Jacob, Medinger & Finnegan, New York City, for ITT Corporation.

Christopher Hough, Braff Harris & Sukoneck, Livingston, New Jersey, for ISC-Bunker Ramo Corporation and the Olivetti Office USA, Inc.

Cairo & Marano, North Valley Stream, New York, Leonard J. Colamarino, Colamarino & Sohns, New York City, for Kansai Special, USA Corp.

Thomas J. Drury, Damon & Morey, Buffalo, New York, for Keytronic Corp.

Jeffrey L. Chase, Herzfeld & Rubin, New York City, for Konica Business Machines U.S.A., Inc., Rockwell International, Sperry Rand Corporation, f/k/a Sperry Corporation and Sperry Univoc, and Unisys Corporation.

Gerold Mallow, Mallow Konstam Hager & Fischer, New York City, for Litton Industries, Inc.

Peltz Walker & Dubinsky, New York City, for Lockheed Corporation.

David Kogelman, New York City, for Maxi Switch, Inc.

Arthur Simuro, Kelly, Rode & Kelly, Mineola, New York, for McDonnell Douglas Corp., f/k/a MDC Holding Corp.

Thomas M. DeSimone, Christopher Kendric, Ahmuty Demers & McManus, White Plains, New York, for Memorex Corporation and Memorex Telex Corporation.

Joseph Savona, Savona & Scully, New York City, for Microsoft Corporation.

Dominic P. Bianco, Kelly Rode & Kelly, Mineola, New York, for Mitsuba Corporation.

Richard K. Ellingboe, Yamada & Condemi, New York City, for Mitsumi Electronics Company.

Doris Duffy, Caulfield Heller & Harris, New York City, Ann W. Herman, Law Offices of Ann W. Herman, Buffalo, New York, for National Semiconductor Corp.

George M. Newcombe, Simpson Thacher & Bartlett, New York City, for NEC America, Inc., NEC Business Communication Systems, Inc., NEC Electronics, Inc., NEC Industries, Inc., and NEC Technologies, Inc.

Edward J. Burns, Nixon Hargrave Devans & Doyle, Rochester, New York, for Northern Telecom, Inc. and Northern Telecom, Ltd.

Robert F. Serio, Gibson, Dunn & Crutcher, New York City, for Novadyne Computer Systems, Inc., s/h/a Novadyne Computer Systems Co.

William D. Gallagher, McMahon Martine & Gallagher, New York City, for Packard Bell Electronics, Inc.

Carla M. Marino, Bumgardner Hardin & Ellis, P.C., Springfield, New Jersey, for Pertec Computer Corporation.

John S. Favate, Bumgardner Hardin & Ellis, Springfield, New Jersey, for Prime Computer, Inc.

Thomas J. Reddington, Law Offices of Gerard J. Marulli, New York City, for Raytheon Company.

Frederic B. Goodman, Deitsch Goldberg & Marin, New York City, for Sharp Electronics Corporation.

Michael Banahan, Barry, McTiernan & Moore, New York City, for Smith Corona Corporation and Texas Instruments, Inc.

Lee S. Gayer, Wilner & Associates, P.C., New York City, for Sony Corporation of America and Sony U.S.A., Inc.

H. Michael O'Brien, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for Swintec Corp.

Robert E. Bakalor, Quirk & Bakalor, P.C., New York City, for Tandy Corporation.

Steven P. Benenson, Peter A. Drucker, Porzio Bromberg & Newman, P.C., Morristown, New Jersey, for Unisys Corporation.

Charles B. Updike, Schoeman Marsh & Updike, New York City, for Xerox Corporation.

Mark K. Anesh, Wilson Elser Moskowitz Edelman & Dicker, New York City, for Zenith Data Systems.

Harold M. Weidenfeld, Herzfeld & Rubin, New York City, for Zenith Electronics Corporation.

## ORDER

HURLEY, District Judge.

As explained in the Court's February 23, 1996 Order, counsel for plaintiffs in over forty (40) specified "repetitive stress injury" ("RSI") cases has submitted a letter to the Court in reference to approximately sixty (60) pending motions by defendants that are based upon the applicable statutes of limitations.[1] (*See* Lannigan's Feb. 20, 1996 Letter.) * By such correspondence, the plaintiffs grouped defendants' motions into two categories: (1) those that are directed at the pleadings and request no alternative relief, (*see id.* at 1–3); and (2) those that are directed at the pleadings and request summary judgment as alternative relief. (*See id.* at 3–4.)

With regard to such motions, plaintiffs "request leave to withdraw Dr. Pascarelli's affidavit from consideration ... [or,] [a]lternatively, ... ask that they be granted leave to supplement their respective opposition papers to include plaintiff-specific support, in evidentiary form, for their claims." (*Id.* at 4.) The moving defendants oppose the plaintiffs' request.[2]

1. The Clerk of the Court shall docket a copy of the instant Order in each of those specified cases.

\* Editor's Note: Letter has been omitted for publication purposes.

2. By letter dated February 22, 1996, Maureen Doerner Fogel, Esq., of Herzfeld & Rubin, re-

sponded on behalf of Unisys Corporation ("Unisys"). By letters dated February 26 and March 8, 1996, George W. Newcombe, Esq., of Simpson Thacher & Bartlett, responded on behalf of NEC Technologies. By letter dated February 27, 1996, Adam R. Dubow, Esq., of Sedgwick, De-

The Court first considers the plaintiffs' request to supplement their opposition papers. Then, the Court turns its attention to their request to withdraw Dr. Pascarelli's affidavit from consideration. As explained below, the Court denies both of these requests by the plaintiffs.

## DISCUSSION

### I. *Plaintiffs' Request to Supplement Their Responses*

■ The Court begins its discussion with the principle that a party is generally expected to submit, at the time that a motion is filed, all the materials that it wishes the Court to consider. Occasionally, a party may request permission to submit materials after a motion has been fully briefed and submitted, but prior to the Court's decision on such motion. For example, a party may wish to submit materials that could not, by due diligence, have been obtained earlier. Sometimes, inadvertence is cited as the reason that relevant material was not provided to the Court in a timely fashion. Or, a party may request permission to supplement its submissions if it reasonably relied on the law as it existed at the time of filing, yet a later decision changed such law.

■ In any event, the decision to permit a party to file supplemental submissions is within the Court's discretion. *See, e.g.,* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1193, at 50 (1990) (indicating that the court has the discretion to permit a party to amend its motion). As a general proposition, that discretion should be exercised in favor of granting such permission, lest the mechanics of motion practice be elevated over substance.

However, the plaintiffs in the case at bar do not suggest that the materials that they now seek to submit could not, by due diligence, have been obtained earlier. Nor is any claim of excusable neglect advanced in support of the relief requested. Moreover, no specificity is provided as to the type(s) of materials that the plaintiffs seek to submit—instead, they merely request leave "to include plaintiff-specific support, in evidentiary form, for their claims." (*See* Lannigan's Feb. 20, 1996 Letter at 4.)

■ The plaintiffs suggest that they did not seek to submit such materials earlier because of their reliance on the Court's decision in *Parajecki v. International Business Machs. Corp.,* 899 F.Supp. 1050 (E.D.N.Y. 1995), *vacated in part,* 165 F.R.D. 20 (E.D.N.Y.1996). Specifically, they maintain that

[i]n responding to motions since the court's decision in *Parajecki,* plaintiffs have used the *Parajecki* decision as a guide. Accordingly, up until this point, the above-described plaintiffs have not sought leave to amend their respective submissions in opposition to pending motions to dismiss or motions to dismiss with an alternative prayer for relief under F.R.C.P. 56. In light of this Court's decision in *Cadet [v. Unisys Corp.,* No. 93–CV–3174 (E.D.N.Y. Feb. 9, 1996)], however, the above-described plaintiffs respectfully request leave to withdraw Dr. Pascarelli's affidavit from consideration in opposition to the various pending motions described above, so that there is no doubt that plaintiffs do not seek to convert these motions to dismiss into summary judgment motions. Alternatively, plaintiffs ask that they be granted leave to supplement their respective opposition papers to include plaintiff-specific support, in evidentiary form, for their claims.

(Lannigan's Feb. 20, 1996 Letter at 4.)

tert, Moran & Arnold, responded on behalf of Hewlett–Packard Company. · By letters dated March 5, 1996, Richard S. Crummins, Esq., of Nixon, Hargrave, Devans & Doyle, responded on behalf of Northern Telecom, Joli Lyn Gross, Esq., of Edwards & Angell, responded on behalf of AT & T Corp. and NCR Corporation, Peter A. Cross, Esq., of Jacob, Medinger & Finnegan, responded on behalf of ITT Industries, Inc., and Scott A.

Schechter, Esq., of Brody & Fabiani, responded on behalf of Xscribe Corporation. By letter dated March 7, 1996, Kevin McElroy, Esq., of Rivkin, Radler & Kremer, responded on behalf of Quixote Corporation ("Quixote") and Stenograph Corporation ("Stenograph"). Finally, by letter dated March 8, 1996, Robert J. Kashtan, Esq., of Baker & McKenzie, responded on behalf of Acer America Corporation ("Acer").

Of the approximately sixty (60) motions at issue,[3] about twenty (20) were fully briefed and filed *before* the Court's September 22, 1995 decision in *Parajecki.* A careful reading of plaintiffs' recent correspondence, including the above-quoted passage therefrom, reveals no explanation as to why the plaintiffs did not submit, when those motions were briefed, the materials that they now seek to present to the Court. Rather, they merely claim that due to reliance upon *Parajecki,* they "have not sought *leave to amend* their respective submissions in opposition to pending motions to dismiss or motions to dismiss with an alternative prayer for relief under F.R.C.P. 56." (Lannigan's Feb. 20, 1996 Letter at 4 (emphasis added).) Thus, at least with regard to one-third of the motions at issue—that is, those fully briefed and submitted prior to the Court's September 22, 1995 Order in *Parajecki*—the plaintiffs have failed to proffer any explanation as to why the materials that they now seek to present were not initially submitted.

With regard to the defendants' motions that were filed *after* the Court's initial Order in *Parajecki,* plaintiffs' counsel does not state that because of reliance on that decision, they failed to submit the "plaintiff-specific" materials that they now seek to present to the Court. They do, however, claim that "[i]n responding to motions since the Court's decision in *Parajecki,* plaintiffs have used the *Parajecki* decision as a guide." (Lannigan's Feb. 20, 1996 Letter at 4.) Further, plaintiffs' counsel represents to the Court that "plaintiffs have never considered the motions at issue as motions for summary judgment." (Lannigan's Mar. 1, 1996 Letter at 2.)

The Court assumes, *arguendo,* that plaintiffs' counsel is suggesting, by such statements, that because of *Parajecki,* they reasonably assumed that the Court would not convert any motion by an RSI defendant, which was directed at the pleadings, into a summary judgment motion, and that they

responded accordingly. However, an examination of the papers submitted by plaintiffs' counsel in response to post-*Parajecki* motions undermines any such claim of reasonable reliance.

For example, in January, 1996—more than three (3) months after the Court's initial decision in *Parajecki*—Defendant Intergraph Corporation ("Intergraph") filed a motion in *Borden v. Apple Computers Inc.,* 94–CV–5740, pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") or, alternatively, Federal Rule of Civil Procedure 56 ("Rule 56"). Intergraph's motion was directed at the claims asserted against it by Plaintiff Daniel C. Borden ("Plaintiff Borden"). In response, the plaintiff's counsel submitted a "Memorandum in Opposition to Defendant Intergraph Corporation's *Motion for Summary Judgment.*" (*See* Pl.'s Mem.Opp. Intergraph's Mot. (emphasis added).)

Plaintiff's memorandum references "Intergraph's motion for summary judgment on statute of limitations grounds," (*see id.* at 3), and concludes that "Mr. Borden['s] claims are clearly timely and Intergraph's motion for summary judgment [therefore] must be denied in all respects." (*See id.* at 9.) Similarly, plaintiff's attorney submitted an affidavit "in strenuous opposition to the motion by ... Intergraph ... for summary judgment...." (Lannigan's Oct. 20, 1995 Aff. ¶ 1.)

Most significantly, plaintiff's counsel submitted an affidavit by Plaintiff Borden "in opposition to defendant Intergraph Corporation's motion for summary judgment on statute of limitations grounds," (*see* Borden's Oct. 19, 1995 Aff. ¶ 1 (attached as Ex. 2 to Lannigan's Oct. 20, 1995 Aff.)), as well as the now-familiar affidavit by Dr. Pascarelli.[4] (*See* Pascarelli's July 7, 1993 Aff. (attached as Ex. 1 to Lannigan's Oct. 20, 1995 Aff.).)

---

**3.** The Court notes for the record that several of the motions cited in plaintiffs' February 20 letter do not appear on the dockets for the cases at issue. By way of example, plaintiffs refer to motions by AT & T in *Vernon v. International Business Machs. Corp.,* 93–CV–3387, and *Bell v. Sharp Elecs. Corp.,* 94–CV–1428. (*See* Lannigan's Feb. 20, 1996 Letter at 2.) The Clerk's Office, however, has no record of such motions.

**4.** In the next portion of this Order, *see infra* at 374–75, the Court addresses the legitimacy of the claim by plaintiffs' counsel that Dr. Pascarelli's affidavit has been submitted with response papers in numerous RSI cases "for informational purposes." (*See* Lannigan's Mar. 1, 1996 Letter at 2.)

Plaintiff's memorandum of law, as well as his attorney's affidavit, relies, in part, upon allegations in the plaintiff's affidavit. (*See* Pl.'s Mem.Opp. at 2, 4, 6, 8; *see* Lannigan's Oct. 20, 1995 Aff. ¶¶ 4, 6, 11, 12.)

The Court acknowledges that the papers submitted by plaintiff are not models of clarity; for example, despite its denomination as plaintiff's response to a summary judgment motion, plaintiff's memorandum argues that "[f]or the purposes of this motion pursuant to F.R.C.P. 12(c), every allegation in plaintiff's pleadings must be accepted as true." (*See* Pl.'s Mem.Opp. to Intergraph's Mot. at 4.) However, plaintiff's response, viewed as a whole, does not support any suggestion by his counsel that, because of the Court's initial decision in *Parajecki,* they reasonably assumed that the Court would not convert any Rule 12(c) motion by an RSI defendant into a summary judgment motion, and that they responded accordingly.

An examination of the response papers submitted by plaintiffs' counsel in *Lorber v. Stenograph Corp.,* 92–CV–4255, provides similar grounds for questioning the legitimacy of such a claim. In January, 1996—again, more than three (3) months after the Court's initial decision in *Parajecki*—Defendants Quixote and Stenograph moved in that action for judgment on the pleadings, pursuant to Rule 12(c), as to the claims against them by Plaintiffs Fred Lorber and Eleanore E. Lorber (collectively, "the Lorber Plaintiffs"). The defendants did not request any alternative relief.[5]

Plaintiffs' memorandum in response thereto was denominated a "Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings." (*See* Pls.' Mem.Opp.) In that memorandum, however, the plaintiffs reference defendants' "motion for summary judgment on statute of limitations grounds," (*id.* at 3), and conclude that "Mr. Lorber['s] claims are clearly timely and [defendants']

motion for summary judgment must be denied in all respects." (*Id.* at 10.)

Notably, plaintiffs' counsel submitted, in opposition to the defendants' Rule 12(c) motion, an affidavit by Mr. Lorber, (*see* Lorber's Oct. 13, 1995 Aff. (attached as Ex. 2 to Lannigan's Oct. 30, 1995 Aff.)), in addition to Dr. Pascarelli's affidavit. (*See* Pascarelli's July 7, 1993 Aff. (attached as Ex. 1 to Lannigan's Oct. 30, 1995 Aff.).) Plaintiffs' memorandum of law, as well as their attorney's affidavit, relies, in part, upon the allegations in Mr. Lorber's affidavit. (*See* Pls.' Mem. Opp. at 2, 4, 6–7, 8–9; *see* Lannigan's Oct. 30, 1995 Aff. ¶¶ 5, 6, 11, 12.)

The Court notes that plaintiffs' response to the motion by Quixote and Stenograph—like the response to Intergraph's motion in *Borden*—is not a model of clarity. For example, their attorney's affidavit opens with the allegation that it is "submit[ted] ... in strenuous opposition to the motion by defendants ... for judgment on the pleadings on statute of limitation grounds," (*see* Lannigan's Oct. 30, 1995 Aff. ¶ 1), and concludes with a request that the Court deny the defendants' motion for summary judgment. (*See id.* ¶ 16.) However, as did the response in *Borden,* plaintiffs' response in *Lorber* clearly calls into serious question the legitimacy of any claim by their counsel that because of the Court's September 22, 1995 decision in *Parajecki,* they reasonably assumed that the Court would not convert any Rule 12(c) motion by an RSI defendant into a summary judgment motion, and that they responded in reliance on that assumption.[6]

Finally, the Court notes that *Parajecki* did not, by its original holding or its modified holding, effect a change in the existing law. As correctly noted by counsel for Quixote and Stenograph, "[t]he rule that the submission of matters outside of the pleadings gives the Court discretion to convert Rule 12(c) motions to motions for summary judgment predates plaintiffs' decision" to include Dr.

---

**5.** In their reply papers, however, the defendants requested that, in light of the plaintiffs' presentation of matters outside the pleadings, the Court "treat the instant motion as one for summary judgment under Rule 56." (Defs.' Reply Mem. at 2.)

**6.** Assuming that some of plaintiffs' post-*Parajecki* responses do *not* include matters outside the pleadings nor argue against summary judgment, such responses obviously do not negate the significance of the submissions in cases such as *Borden* and *Lorber.*

Pascarelli's affidavit in their opposition papers. (*See* McElroy's Mar. 7, 1996 Letter.) Moreover, as discussed below, *see infra* at 374, the Second Circuit has indicated that the decision as to whether such conversion is appropriate is one that "necessarily depend[s] largely on the facts and circumstances of each case." *In re G. & A. Books, Inc.,* 770 F.2d 288, 295 (2d Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986) (citation omitted).

In light of the foregoing, the Court rejects any suggestion by the plaintiffs that the Court's initial decision in *Parajecki* justifies their request to re-open the submissions and briefing of the pending motions by defendants. As plaintiffs have not proffered any legitimate ground for such a request, it must be, and hereby is, denied. The Court now turns its attention to plaintiffs' request that they be permitted to withdraw Dr. Pascarelli's affidavit from the Court's consideration.

## II. *Plaintiffs' Request to Withdraw Dr. Pascarelli's Affidavit*

■ A corollary to the principle that a party is expected to submit, at the time a motion is filed, all the materials that it wishes the Court to consider is the notion that a party obviously would not submit materials that it did not wish the Court to consider. Occasionally, however, a party may request permission to withdraw a submission after a motion has been fully briefed and submitted, but prior to the Court's decision on such motion.

For example, a party may have presented a submission to the Court reasonably believing that the allegations and other factual contentions therein had evidentiary support, *see* Fed.R.Civ.P. 11(b)(3), yet later have learned that those allegations and contentions were untrue. As noted by counsel for Northern Telecom, however, (*see* Crummins's Mar. 5, 1996 Letter at 1), such a basis has not been advanced by the plaintiffs in regard to their instant request to withdraw Dr. Pascarelli's affidavit. Next, the Court agrees with counsel for Quixote and Stenograph that "[t]he apparent subsequent determination [by plaintiffs] that the affidavit [of Dr. Pascarelli] actually undermines plaintiffs'

position is simply insufficient" to permit the withdrawal of that affidavit. (*See* McElroy's Mar. 7, 1996 Letter at 2.)

■ In their March 1 reply letter, plaintiffs' counsel states that "Dr. Pascarelli's affidavit was submitted for informational purposes." (Lannigan's Mar. 1, 1996 Letter at 2.) By such statement, the plaintiffs appear to suggest that the Court could evaluate a document "for information purposes only" while excluding it, at least within the purview of Rule 12(c), from consideration. As an initial matter, the Court, in light of Second Circuit case law, would be hesitant even to accept such a challenge. *See Grand Union Co. v. Cord Meyer Develop. Corp.,* 735 F.2d 714, 716–17 (2d Cir.1984) ("The docket sheet confirms that the district court accepted ... affidavits; however, we have no indication that the district court excluded from consideration the matters outside the pleadings presented by way of the affidavits. Under these circumstances, the motions to dismiss should have been treated as motions for summary judgment.") (citations omitted); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at 493–96 (1990) ("[S]everal courts have held that it is reversible error for the district court to consider outside matter without converting the motion to dismiss into a motion for summary judgment.") (footnote omitted) (citing *Thompson v. New York Cent. R.R. Co.,* 361 F.2d 137 (2d Cir.1996)) (further citations omitted).

In any event, as explained below, after reviewing several of the motions at issue in which Dr. Pascarelli's affidavit was submitted, the Court rejects plaintiffs' suggestion that they did not present that affidavit in opposition to those motions. First, at the suggestion of Acer's counsel, (*see* Kashtan's Mar. 8, 1996 Letter), the Court turns its attention to Acer's July, 1995 motion in *Beattie v. Acer Am. Corp.,* 96–CV–0111.

Acer's Notice of Motion indicated that it was moving pursuant to Rule 12(c). (*See* Acer's May 25, 1995 Not.Mot.) By such motion, Acer argues that the claims against it asserted by Plaintiff Susan L. Beattie are time barred by the applicable statute of limi-

tations. In opposition to Acer's motion, as well as to Rule 12(c) motions by Litton Industries, Inc. ("Litton") and Konica Business Machines U.S.A., Inc. ("Konica"),[7] the plaintiffs submitted an attorney's affidavit and a memorandum of law. (*See* Lannigan's June 28, 1995 Aff.; Pls.' June 28, 1995 Mem.)

By their memorandum of law, the plaintiffs argued, *inter alia,* that "Dr. Pascarelli's Affidavit ... further establishes, as a factual matter of medical expertise, that the injuries resulting from long hours spent in performing repetitive and/or forceful keyboarding tasks ... entail 'repeated insults which result in multiple traumas....'" (Pls.' June 28, 1995 Mem. at 8 (quoting Pascarelli's July 7, 1993 Aff. ¶ 8).) Such passage is not the only reference to Dr. Pascarelli's affidavit in the plaintiffs' memorandum. Moreover, in an attorney's affidavit in opposition to the motions by Acer, Litton, and Konica, the plaintiffs' counsel relied heavily upon Dr. Pascarelli's affidavit, which was attached as its sole exhibit. (*See* Lannigan's June 28, 1995 Aff. ¶¶ 21–24, 39.)

Next, the Court notes that it has recently granted, in several RSI cases, summary judgment in favor of Unisys on statute of limitations grounds. *See Burnett v. Motorola, Inc.,* 93–CV–3166 (E.D.N.Y. Feb. 15, 1996); *Rodriguez v. Unisys Corp.,* 92–CV–5504 (E.D.N.Y. Feb. 15, 1996); *Tucker v. Key Tronic Corp.,* 94–CV–0588 (E.D.N.Y. Feb. 13, 1996); *Russell v. Sperry Rand Corp.,* 92–CV–2769 (E.D.N.Y. Feb. 12, 1996); *Cadet v. Unisys Corp.,* 93–CV–3174 (E.D.N.Y. Feb. 9, 1996). In each of those actions, Unisys moved pursuant to Rule 12(c) or, alternatively, Rule 56.

With the exception of the motion in *Cadet,* the plaintiffs' February 20, 1996 letter lists each of the above-referenced motions. (*See* Lannigan's Feb. 20, 1996 Letter at 3–4.) As previously indicated, the plaintiffs' March 1 letter suggests that Dr. Pascarelli's affidavit was submitted in response to those motions "for informational purposes only" and was not "presented to" the Court within the purview of Rule 12(c). (*See* Lannigan's Mar. 1,

1996 Letter at 2.) However, as was the situation with Acer's motion, *see supra* at 374–75, not only did the plaintiffs submit Dr. Pascarelli's affidavit in opposition to each Unisys motion, but they referred to it in their accompanying memoranda of law and relied heavily upon it in their attorney's affidavits.

In light of the foregoing, the Court rejects as disingenuous—a characterization not used lightly by the Court—plaintiffs' suggestion that they did not present Dr. Pascarelli's affidavit in opposition to the defendants' motions. Accordingly, the Court denies the plaintiffs' request that they be permitted to withdraw Dr. Pascarelli's affidavit. The Court now turns its attention to the plaintiffs' request that the Court not convert any of the defendants' pending motions into summary judgment motions. (*See* Lannigan's Feb. 20, 1996 Letter at 4; Lannigan's Mar. 1, 1996 Letter at 2.)

### III. *Converting a Rule 12(b)(6) or Rule 12(c) Motion Into a Motion for Summary Judgment*

Federal Rule of Civil Procedure "12(b)(6) [ ("Rule 12(b)(6)") ] permits the district court to consider matters outside the pleadings and to treat a motion for dismissal as one for summary judgment provided 'all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" *G. & A. Books, Inc.,* 770 F.2d at 295. Similarly, Rule 12(c) provides as follows:

Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to

---

7. By Order dated February 7, 1996, the Court granted the motions by Litton and Konica, and reserved decision on Acer's motion. *See Beattie*

*v. Acer Am. Corp.,* 914 F.Supp. 893 (E.D.N.Y. 1996).

present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c).

■ The Second Circuit has indicated that "[t]he district court's conversion of a Rule 12(b)(6) motion into one for summary judgment is governed by principles of substance rather than form." *G. & A. Books,* 770 F.2d at 295. Despite the plaintiffs' suggestion to the contrary, (*see* Lannigan's Feb. 20, 1996 Letter at 4; Lannigan's Mar. 1, 1996 Letter at 2), the plaintiffs' *intention* in submitting materials outside the pleadings is not dispositive as to whether or not a motion may be converted. Rather, as explained by the court in *G. & A. Books,*

> [t]he essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings. *Resolution of this issue will necessarily depend largely on the facts and circumstances of each case.*

*Id.* (citation omitted and emphasis added). The same principles apply to the conversion of a Rule 12(c) motion into a motion for summary judgment. *See, e.g., National Assoc. of Pharmaceutical Mfrs., Inc. v. Ayerst Labs.,* 850 F.2d 904, 910–11 (2d Cir.1988).

Turning to the RSI cases at bar, the Court declines any invitation by the parties to prejudge the pending Rule 12(c) or Rule 12(b)(6) motions and indicate at this time whether or not—in cases in which the plaintiffs have submitted matters outside the pleadings—the Court will convert such motions into summary judgment motions. In other words, at the time that the Court considers each of the pending motions, it will determine that issue on a case-by-case basis.

■ In closing, the Court addresses the plaintiffs' argument that because discovery has not taken place in the cases at issue, conversion of the defendants' motions into motions for summary judgment would be inappropriate. (*See* Lannigan's Feb. 20, 1996 Letter at 4–5; Lannigan's Mar. 1, 1996 Letter at 2.) Plaintiffs' argument appears, on its face, to implicate Rule 56(f). That rule provides as follows:

> When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).

The Court first notes that *plaintiffs* raised the specter of summary judgment by choosing to submit matters outside the pleadings in response to Rule 12(c) or Rule 12(b)(6) motions by the defendants. Moreover, assuming, for the purposes of this Order only, that Rule 56(f) is applicable under such circumstances, the plaintiffs have made no proffer, no less a showing, that they could not, pending discovery, "present by affidavit facts essential to justify the party's opposition." *See* Fed.R.Civ.P. 56(f). Thus, the Court rejects any alleged lack of discovery as grounds against the conversion of defendants' pending motions into summary judgment motions.

### Conclusion

As explained above, the Court has carefully examined the proffered grounds for the plaintiffs' request to supplement their opposition papers or withdraw Dr. Pascarelli's affidavit from consideration, and has found those grounds insufficient to support the requested relief. Accordingly, the plaintiffs' request has been denied. Plaintiffs' counsel is directed to serve a copy of the instant Order, within two (2) days of receipt thereof, on each of the parties to whom it forwarded a copy of its February 20 and/or March 1, 1996 letters to the Court.

SO ORDERED.